Today's cases will be called as previously announced and the times will be as allotted to counsel. The first case today is number 181254, United States v. Kenneth Brissette and Timothy Sullivan. Good morning, your honors. May I please call Randall Crum on behalf of the government and could I reserve two minutes? I know you know me. Randall Crum on behalf of the government, may I reserve two minutes for rebuttal please? You may. Thank you. Your honor, the district court dismissed the government's indictments in this case based on its ruling that the Hobbs Act requires that where an alleged extortionist takes property, obtains property not by taking it for himself but by directing it for a third party, the government must additionally show that the defendant personally benefited. This is contrary to 60 years of settled precedent and therefore this ruling should be reversed and the case remanded for trial. More than 60 years ago in United States v. Green, the Supreme Court directly stated that the requirement under the Hobbs Act that a defendant obtain property does not mean that the defendant has to personally receive it or personally benefit from it. The court upheld the prosecution. To be precise, I think you used the word direct benefit. Your honor, correct, direct benefit. Did not have to directly benefit or receive it. The court upheld the prosecution against a union leader who had directed jobs to his constituents but did not receive it himself and specifically also held that there was no requirement under the statute that the person who obtains the property directly benefit from it. In the years since, every court of appeals to address the issue has held that Green meant what it said and upheld a multitude of Hobbs Act prosecutions without regard to whether the defendant personally kept the property, directed it to a third party closely allied to them, or directed it to a party with whom they had no relationship or an antagonistic relationship. In our view, that was the law under which this case was tried. Mr. Cook, could you help? It was one issue. It seems the parties very intelligently here tried to tee up an issue to get it resolved by us before you go through a whole trial and then... How broad is that issue that's teed up for here? In other words, clearly we need to decide whether in the context of this case being the requirement that there is no benefit must be met in order for there to be obtaining? Yes, Your Honor. But should we assume wrongfulness, assume that there's property, and then simply ask the question when one by threat causes the victim to transfer the property not to the person making the threat? Your Honor, that is exactly correct. In our view, the issue is quite narrow that was teed up on appeal. Only the proffer was made and the ruling was sort of crystallized only with respect to that precise issue. As to all other issues, the indictment has already been upheld under a facial challenge and there's no argument that those issues could be before the court because we're under a pleading standard where the allegations are taken. It's a little more complex than that, if I understand it, because the issue Judge Carotta just asked you about arises only in connection with, in light of the instruction's first provision, the direct benefit only arises in connection with what is at least presented to us as if it's an intangible property right. Well, I do believe that the scope of the property right is not an issue that's before the court here. Well, but since the first part says that cash, as I read it, well you tell me, if in this case the requirement was to pay a $10,000 check to the union, would the instruction make that a crime or not? Well, the instruction would, I think that if there was no personal benefit coming back to the defendants it would not be a crime under the instruction. Even if it was cash? Even if it was cash, because I think that, I do not believe the first two prongs of the instruction are before the court here because there was no suggestion by the government or by any party that the government satisfied them, so this was brought on the, sort of narrowly on the third party, that is, in a circumstance where there's a transfer through a third party. I guess we're getting it, there's two, in fact there's wages and benefits as opposed to cash. At the end of the brief of the defendant, he makes a SACAR point, and the SACAR argument that they're making turns on it being wages and benefits, as opposed to a tangible thing, cash. I guess what I'm trying to figure out is for purposes of this appeal, is that issue before us, or do you want us only to decide, the simple question, treat this as if it was a cash case. The instruction would even then say it's not a crime. We would only decide that issue, but that would mean that on remand, when it goes back, the question of whether because it's wages and benefits, would still then present the issue of, you know, is that permissible? Is that a crime? Or is that also before us? Right. Again, I think we do believe it's limited, and we don't believe that it's just our request to be limited, we believe that it's limited by the nature of what the ruling was. The ruling was, the court's ruling was very narrowly predicated, and I think it's clear from the course of discussion leading up to it that the court understood itself to be ruling on one narrow question, is there a personal benefit requirement or not? Not whether the property satisfied the Hobbs Act requirement of transferable property. That issue was upheld against the facial challenge by the district court on two occasions. That issue was not, there was no proffer made on that to try to define it further, and at this point, this court has no facts on which to address that issue, so we don't believe it was intended to be reviewed. We also don't think it's reviewable at this point. What the question solely is, is assuming extortable property, assuming extortionate conduct, both of which have been adequately pled, is there a requirement of a personal benefit where the property was transferred to a third party? And we do believe it's narrowly drawn to that question. And that makes many of the arguments, in our view, somewhat beside the point, such as made in the amicus brief, which turn on issues that are not encapsulated in those facts. I understand why you think wrong from this, is I'm just trying to figure out about transferability and whether it matters that this is wages and benefits versus cash. You're telling me it doesn't matter. In our view, it doesn't. Because, again, I don't think the district court was not arguing that wages and benefits weren't transferable property. It wasn't dismissing on that ground. And the back and forth between the parties was not based on that concern. Here's the practical point, because there's a little play in the joints here in terms of exactly how broad we define what's teed up before us, because one issue becomes a So if we were to narrowly say, let's assume this is just like cash, because property isn't before us, so we'll assume it's property. And then we say, no personal benefit is required. Do you all then go back down below and start off with the proposition, well, it's not cash, it's intangible property, so in that case, a personal benefit should be required. Or do you want to clear up and resolve that whole issue with respect to whether personal benefit is required, no matter the type of property, as long as it's a property that is transferable? The latter, Your Honor. And I think that's the way to focus. There were two possible bases for this appeal, or two grounds on which the court ultimately dismissed the indictment. The first was the narrow legal point that there is a requirement of a personal benefit. The second was that the evidence that the government proffered was not sufficient to meet its understanding of what a personal benefit requirement was. The government is not appealing the second ruling. The government is appealing only the first, the legal point that in circumstances where a transfer to a third party occurs, assuming all else, as is set forth in the indictment, is accepted as sufficient, that that is incorrect as a matter of law to require a personal benefit in that circumstance. But the thing that just seems somewhat unreal about putting it this way is no one's arguing. In fact, the government's position is it was not cash. Right. So I don't quite understand. I mean, we could make a ruling for you saying if this was a cash case, you don't need a personal benefit. I don't quite see what that does for you, because you're going to then go and say, we just want to make clear it's not a cash case. It's a case of wages and benefits. So the question is, in a wages and benefits case, do you need a direct benefit shown? Now maybe the way this case is just coming to us, that issue isn't really before us and we just clean up this other point, but I'm not quite sure what its relevance is. Well, I guess, Your Honor, I'm not, the government is not asking you to treat it as a cash case. The government is merely saying that the issue is that narrow, that the question of the nature of the property, whether it is transferable property within the Hobbs Act, is not an issue before you. Well, maybe a way to put it then is, does the government have a reason as to why we should treat an intangible benefits case with respect to direct benefit as the same as we should treat a tangible benefit like cash with respect to a direct benefit? Well, I would say this, and that is that I don't, I think the purpose of cases like Shigler and Sicar is to narrow the definition of property into such that it has to be some, that certain types of intangible benefits do not qualify. I do not see that case, those cases, or any other, to suggest that once it satisfies that basic threshold, that is, it is Shigler and Sicar property, that there is any further basis to distinguish on the basis of, say, personal benefit or any other ground, the meaning of obtaining. And I think that's important to note what Shigler does with that issue. Shigler was all about trying to narrow the definition of the type of property, but as we pointed out, it left green open, it particularly left it intact, and it cited to a model penal code provision in court note 13 that says that obtaining includes directing to another. So if that was consistent with its view of property, it would seem artificial to now try to construct some sort of division between types of qualifying property based on how close they are to intangible. In the government's view, if it's Shigler and Sicar property, and that issue we don't think is before the court here, I mean, we'll be, the government will have to prove that at trial. But if it meets those standards, then the question of obtaining is a separate question, and the question of benefit applies equally to any qualifying property. In Sicar, the Supreme Court gave as an example of coercion, not extortion, a 1934 New York case, People v. Scottie, which it described as compelling the victim to enter into agreement with union. So is that starting to get close to this, where what the defendants could be described as doing is compelling the victim to deal with the union, albeit in the context of wages and benefits? Well, I mean, I think, having read that case, I think it's a little bit different because what it's trying to, it's saying compelling them to enter into an actual bargaining agreement, you know, to actually recognize union and allow it to be as representative. That does seem like something that is not a transferable property. It is simply obtaining a contractual relationship for, that's beneficial to the union, but not getting anything particular. The government was careful to define this specifically also, and it did define the property in two ways, as wages and benefits, which are clearly something that can transfer from a person to another. So we don't believe that this is on all fours with that. Again, we also believe that that issue goes to the question of transferable property, which is an issue that, for the purposes of this decision, is not before you because there was no proffer made and no ruling on that issue. In fact, the district court held the indictment sufficient on that point. So you would distinguish the People v. Scottie opinion by saying it's a transferability issue as opposed to an intangibility issue. I think that's, I would hate to try to be too precise in my analysis of it. I think my main argument is that it's not the issue that's before us. It goes to a question that's the transferability of property. But from reading it, I do believe it's distinguishable in that it was not a transfer of money for wages, but was a recognition of a, which does seem more like an intangible property. Is your point, you want us to assume that this is qualifying property under Scheidler and SACAR? We want you to focus on the issue that was presented for appeal. I mean, those issues are... I'm trying to figure out what it is. Yes, sir. You want us to assume that this wages and benefits that an employer has yet to pay qualifies under Scheidler and under SACAR? Mm-hmm. And certainly some intangible property does. Yes. Right? So just assume it's the type of property that's intangible but qualifies under Scheidler and SACAR. And then just look at the question, for that type of qualifying property, is it ever the case that you would have to show a direct benefit in order for it to be a crime when there's a transfer, right? Yes, and we believe that that's the issue that's presented by Green and by the precedent which is they've made no distinction. The rule of Green that there's no requirement of benefit has been treated as absolute in a variety of kinds of contexts where the property was more or less intangible. Some of them might not now satisfy SACAR, but there's been no suggestion that Green applies differently in those circumstances. One more question. I don't think there's any evidence here, correct me if I'm wrong, that by dealing with the union, the victim in this case would have had to pay a higher wage in this particular transaction? Well, what the victim did have to do, and this was the real harm, is the victim already had workers. And workers that were under contract, they'd had them for many months because they had a licensing agreement that didn't require them to use union labor. This happened as facts lay out three days before the event was to take place when they were setting up the stage. So they did have to hire additional workers. It wasn't workers that they needed. They had everybody they needed to do the job. Just to be precise, was there a requirement to hire additional ones or just to hire these ones? The requirement was to hire these ones, but under the circumstances where the others were already under contract and the contractor who was doing the work wasn't in a position to terminate people for no reason, they were additional. But the requirement was that you had to hire these workers. And additionally, originally the demand was that 50% of the employees be union workers. In the end, it was eight. But again, they were workers that they didn't. But if the case comes to us, we should assume that it was for real work, even though it is not a fictitious work case as you're bringing it to us. Right. We're not arguing that this presents some of the questions that were addressed in Burho. The more it's a fictitious case, the more it's like a cash case. Right. But you're saying it's actually for true work as the case comes to us. Right. Again, we think that that goes to a different issue. But for our purpose, we should assume it's for true work. But right, the allegation is not that these people did nothing. If, in fact, there had been no contractor there already, the same facts took place, would that be a violation of the Hobbs Act? Well, we think it could be, but the facts would be different because this would go to the question of whether wrongfulness was shown, and we don't think that issue is squarely presented by the issue presented here. So the difference makes no difference? Well, it makes a difference. I don't think standing here that it would be a dispositive difference because there was a licensing agreement that allowed them to choose the workers they were going to hire. It's certainly the sort of, it will be a part of the facts of wrongfulness. But you said the harm, as I understood your argument with it, the harm was the fact that there was already a contractor there. Well, Your Honor, if I've not been clear, there's sort of two contracts at issue here. There was a licensing agreement, a longstanding licensing agreement that CrashLine held that permitted them to hire whatever workers they wanted, and that was whether or not they'd already hired the workers at the three-day-before point in time would have been violated or contravened by the requirement that they hire these particular workers. So that's one aspect of the violation or the wrongfulness. But another one, and this was responding to Judge Catt's view about what was the harm, the harm was additionally that in this case they already had the workers they needed, and that these were, in fact, wholly additional workers to what they needed to complete the job. So there's, again, I won't try to unpack all the parts that go into the government's theory of wrongfulness here, but both are important, and it would be a different case if they had not. The harm certainly would be less if they had already not hired the workers, although I think we would believe that it was still a violation of the licensing agreement. Why didn't they start promoting picketing to organize a non-union science? Well, I think the important thing in terms of distinguishing some of the issues that were concerning to this court in Burho is that that was a case in which it was the union making the demands. And so in shaping what they could wrongfully do, this court took into account what labor law allows them to do, and part of what I think this court's concern was where labor law allows for a picket to obtain certain ends, how can the Hobbs Act view that as wrong? But this is not a labor case. That is, these individuals were not union members or agents of the union, and while their actions benefited the union, it's not the government's theory that that was essential. If they could have asked them to hire people who were friends or other people, the fact that it was union members is not central, and it's not the union's rights that shape the scope of wrongfulness here, but what these particular defendants were permitted to do as public officials, not as union representatives. So, again, we believe some of the concerns of Burho don't come into play here because that was what are the rights of a union, and this is what are the rights of what can public officials do. So only the union can promote union membership? Well, no, that's not the point so much as that they stand in different steps. A union has specific rights guaranteed under the labor relations laws. They have different rights and responsibilities. The government's argument is in this case what they did. Again, this is more in the view of what is extortionate conduct than the question of personal benefit, but our view is that what they did violated the responsibilities that they had, and as such, it was wrongful within the meaning of the Hobbs Act. But a union would have different rights, and that's part, as this court held, shaped by labor law. You mentioned just at one point that there was a case in which the transfer of a Shidler-Sekar qualifying intangible right, but I'm adding that qualification. You just said there was a case in which there was a transfer of a property to a third party who had interests antagonistic to the transfer. Yes. Was that a case in which the transfer was of an intangible right that qualifies under Shidler and Sekar? And what is that case in which the transfer was to somebody who was antagonistic to the... The cases I know of, those were of money, so those... So put that to one side, because as you've put it to us, you want to decide this case as if it's not just a tangible case. So is there any case of a transfer of an intangible Sekar-Shidler qualifying right in which the recipient would not be somebody who, by receiving it, would benefit the transfer? I'm not aware. I mean, again, Sekar is relatively recent. Most of these cases are going to have been earlier. There have been some reaffirming Greene's general proposition. Is Greene the closest? Well, I think there are... I would have to look back to see historically. I would point out that the cases we cite are just represented. Many of these circuits have decided issues multiple times. Right. It would be nice if there was one. Right. But again, I think, to just respond briefly on that point, I think it's important to note, these decisions narrowing the type of property are relatively recent. But past cases make no distinction. There's no basis in current law to make a distinction based on the nature of the property. But the narrowing cases have arisen because of the broadening prosecutions. Well, I would say there are particular... So that's why I'm asking, since this is arguably, as you put it, a case that's not involving a tangible right, but rather an intangible one, but you say we should assume it qualifies under... Well, no, that's... I just would like to know whether there's any such case of that type of property being transferred in which the recipient would not be somebody who, by receiving it, would benefit the transfer. I would be happy to look for... But I think, again, I think the point I just want to make clear... I mean, actually, probably the best case might be Scheidler itself, since Scheidler was an intangible property rights and narrowed the scope of property while expressly leaving green intact and citing the model penal code to say it can be transferred to the third party. It's very difficult to see how that case could come out as it did and find that those were suitable sources to cite with approval, unless it believed that those were compatible ideas. But whether there's been a case since those cases, again, a relatively narrow frame of time, I would be happy to look, but I don't know for a fact. But one other point, and we may be not saying anything different here. In saying we're not conceding that wages and benefits are not tangible. We believe that that is tangible. But I understand that you believe, as framed here, no distinction is drawn. And, again, we also believe that it does not matter, that no distinction is to be drawn under the law in terms of how you define obtaining. Thank you. Thank you, Your Honors. Mr. Silva? Oh, I'm sorry, Ms. Silva. Thank you, Your Honors. Good morning. May it please the Court, my name is Sarah Silva. I'm going to be addressing the issue of the district court's order of dismissal below. Mr. Kiley, on behalf of the appellees, will then be addressing the government's interpretation of United States v. Green and other Hobbs Act jurisprudence that we submit supports the Court's decision. Your Honors, as an initial point, we have put in our papers that we believe that the government has really presented you with a straw man issue here today. That the district court did not require the government to prove a personal benefit in any sense of the word. The record is clear as a bell. In fact, that the government requested that the court issue a rule on the legal issue of whether obtaining had been shown by the government's own proffer of facts. And the district court looked at those facts and dismissed the indictment because it found those facts were not sufficient on that record to establish obtaining property as a matter of law. In fact, Your Honors, the district court said exactly that at page 634 of the joint appendix. The court wrote aside from its primary position, that no showing of benefit is required to prove extortion, the government has articulated no alternative argument in this submission or at any other time, despite several chances to do so. Demonstrating why the facts it has described are sufficient under the law to establish that Brissett and Sullivan obtained the property at issue here. But wasn't the district court's sole reason for concluding that that wasn't sufficient because they hadn't shown a direct benefit? Not exactly, Your Honor. The government conceded they could not show the defendants obtained personal possession or physical possession of the wages and benefits at any time. Right, but the sole reason the district court didn't say you have to show that. It just says if you can't show that, you still could win only if you can show a direct benefit. There was actually a second piece that the government was allowed to show and that was that the defendant acquired property rights in the sense that they could exercise, transfer, or sell the property at issue. That language came directly from Shiedler and from this court's decision in Burhoff. I'll put it another way last time. The sole reason the district court gave for concluding that the facts presented to it did not state a crime was because there was no direct benefit shown. Because the government conceded all the other routes the district court gave for finding a crime were not satisfied. But it disputed the argument that those facts were insufficient because the only reason the district court gave for concluding ultimately that it didn't state a crime was because there was no showing of direct benefit. So why isn't that exactly the issue that we're being asked to decide? Yeah, and I appreciate that. I think the district court looked a little bit broader than that. What the district court did not attempt to limit what the government could show. Rather, what the district court said was, here is the case law, it's Shiedler, it's Seeker, it's Burhoff. Government, present facts if you choose to. And explain to this court why those facts satisfy obtaining property. But if the government had been able to say that they could show a direct benefit, would the district court have said it was a crime? Your Honor, under the district courts, if the facts were sufficient to show a benefit. Plus they showed a direct benefit, would the district court have said it was a crime? I think the district court would have said that the indictment withstood the motion to dismiss, yes. So the only thing that's missing is the direct benefit. So that's the issue they're appealing on. Well, turning to that then, what the court asked was, how is it that the defendants can be held to have obtained property on these facts within the construct that the Supreme Court set forth in Shiedler in 2003, in Burhoff, I'm sorry, in Seeker in 2013, and that this court looked to when it decided Burhoff last year. And, Your Honor, as we submit this, simply... What we're really talking about here, it seems, is A says to victim, give me your cash or else I'll punch you in the nose. That's clear extortion. I think everybody agrees. What we have here is instead of A saying, give me the cash or I'll punch you in the nose, we have A saying, give B the cash or I'll punch you in the nose. Now, punching in the nose is different than the wrongful conduct here, but we're assuming we have wrongful conduct. It seems what the district court has done is said, when you do that latter one, when you force the person through a threat to transfer the property to a third person, you have this added requirement of showing a personal benefit to the person who communicated the threat. I don't see where you're getting or where the district court got that requirement that there be a personal benefit. I think what the district court was doing, and properly so, is that it was trying to find a way to distinguish between extortion and coercion. So, for example, in a cash case, if a defendant were to say, transfer cash to a third party with whom I have no connection and for which I will receive absolutely no benefit, whether it's a piece of the cash or some debt paid or anything else, that how is that any different from regulating the disposition of property? But wouldn't that plainly be extortion under the model penal code? I'm not sure that's so, Your Honor. Certainly, she referred to the model penal code, but it did so in the context of describing... That's a different question. Whether federal law tracks the model penal code is not the question I'm asking. I'm asking with respect to the model penal code, which expressly anticipates that the property can be obtained both by receipt and by causing the transfer to another, wouldn't this be extortion without any requirement of personal benefit under the model penal code? It's not clear to me, Your Honor, having read the model penal code, whether that fact standing alone would be sufficient. Certainly, in the comment... What climate in the model penal code causes you to doubt that this would be extortion under the model penal code, assuming wrongful conduct and assuming property? Fair enough, Your Honor. There's nothing in the model penal code that suggests that it wouldn't be enough. I guess I'm referring back to Hobbs Act extortion, which is... Well, let's move to that question then. If this is extortion under the model penal code, assuming wrongful conduct and assuming that we have property, then what is it, having read Sekhar and Shidler, that would allow you to say that we should interpret the Hobbs Act on extortion as having a requirement that the transfer must be directly to the person in the absence of a personal benefit when that requirement is not in the model penal code and the Supreme Court said we should presume that we'll follow the common law unless there's something in the statutory language that points us in the other direction? Well, the Supreme Court did say that, Your Honor, but what the Hobbs Act was based on was not merely common law extortion, but it was actually extortion as defined in the New York penal code. And that crime was dependent on obtaining property. The Supreme Court in Shidler and in Sekhar looked to cases defining the New York penal code in finding that the extortionist receiving the property was a fact that was an element of the crime in the New York law and that that element was brought into the Hobbs Act by virtue of the obtaining property element. But just so I can see, the instruction that is predicated on the idea that there's no difference between the case of a transfer to a third party of cash and the transfer of a third party of an intangible right? They're made very well, Your Honor. No, that's not my question. The instruction. I think the court was looking to the property that the government indicted the defendants for obtaining and that was wages and benefits. So if that's right, and maybe it is, maybe it isn't as to what's before us, do you have any argument as to why even if there is a requirement, there's no requirement for a direct benefit in a case involving a transfer of cash, there should be a requirement of a direct benefit in a wages and benefits case? Absolutely, Your Honor, because the obtaining is itself intangible and that is precisely what Sheeler and Seeker and Burho, frankly, looked to. What the government did in Burho, for example, is very similar to what it did here. Wages and benefits is an intangible right. That right didn't accrue, or rather I should say there was no deprivation of that property, intangible property, until the wages and benefits were paid. And those wages and benefits were not paid until the local 11 union members who worked for them had earned them and had a right to them. See, I think the thing that just stands out for me in your answer to that is that you never mention the word benefit, which just suggests to me that that issue concerns transferability, which is just a different issue not presented necessarily on this appeal, because the instruction is just not engaging with that issue. That's absolutely right, Your Honor. And in fact, when we submitted our proposed jury instruction, we never suggested that a personal benefit was an issue. We believe that the government needs to prove that the defendants obtained the property. And in this case, with an intangible right... Well, then are you fine with us reversing the ruling below? No, Your Honor. We think that the district court was looking to... Well, you may be happy you got the instruction, but you don't seem to be thinking it's correct. Well, I want to be clear that the government didn't appeal that instruction. The government could have gone to trial and received that instruction and preserved that issue. It chose not to. It chose to follow a procedure in which it was allowed to submit whatever facts it wished on the issue of whether obtaining had been shown. And the three facts that it showed, it simply did not talk about the property at all. Does that mean that our disposition, if we decide to direct benefits, not the crucial thing, would be to vacate and remand rather than reverse? No, Your Honor. We think that the answers... Does it still have a chance to argue that the indictment should be dismissed on some other ground? Well, that is true, Your Honor. But we still believe that because the government requested a ruling on this issue, proffered facts that even it does not argue are sufficient to satisfy the definition of obtaining under any case after 70 years of Hobbs Act jurisprudence, that the court simply cannot find on this record that there was an abuse of discretion in dismissing the indictment on the part of the district court, which is the standard the court would need to find in order to reverse it. Thank you. Thank you, Your Honors. Good morning. I'm Kylie. My client is Timothy Sullivan. Timothy Sullivan was indicted on June 28, 2016, the day after the Supreme Court decided the McDonald case. In its opinion, the court noted, conscientious public officials arrange meetings for constituents, a phrase I think I heard from the government today, contact other officials on their behalf and include them in events all the time. Representative government assumes that public officials will hear from constituents and act appropriately on their concerns. I know that in responding to your questions, Ms. Silva didn't get to address her favorite case in this matter, and it's Wilkie versus Robbins. And I suggest it has some significance to you because of its reference to personal gain. The case in Wilkie quoted she, Lula Scheid, was holding, that a common law extortion was a property offense committed by a public official who took any other money or thing of value that was not due to him under the pretense that it was entitled to such property by virtue of his office. Did the district court rely on Wilkie? It was part of the discussion. I don't think it's relied on in the opinion. But the point that I want to make, Judge Barron, is very responsive to your concern about benefit and personal benefits. It is that the notion of personal benefit is not something that comes out of whole cloth. It's suggested in the case law, and Wilkie is one of those fundamental prongs that comes out of the United States Supreme Court. The crime of extortion was the rough equivalent of a bribe that focused on the harm of public corruption by the sale of public favors for private gain. Private is not my word. It's not the word of Judge Sorokin exclusively. Private was in the case. The second case that I want to cite to you on this notion of personal benefit, of private benefit, is Enmans. Enmans is one of the cases that construes green, and I am, as Ms. Silva suggested, going to get to green. Enmans, again, dealing with what's wrongful, identifies two things that might be unlawful. Personal payoffs is the phrase, and the first phrase that they use, and then the language that we all know from Burho that includes the fictitious label. Excuse me. I'm hearing, and I may be misconstruing it, but I'm hearing everything you've said so far is really being directed towards whether the conduct alleged here was wrongful in the first instance, which doesn't seem to be the issue before us on this appeal. I think as the court has presented this issue, we're assuming the conduct was itself wrongful. We're assuming there's property and some question as to whether we assume it's intangible or not, and then we're trying to focus on whether there's obtaining of that property. So let's go there. My point is simply this, that the instructions, the proposed instructions, for which there was no suggestion to counter it, were proposed. They provided examples of how one might obtain property. Obtaining was the focus of the material. There are a series of examples that are provided in the Justice's proposal, which he was open to change, and those echo the decisions of the Supreme Court of the United States. But he flat out, as I read it, the district court flat out said, and in fact dismissed the case for this reason, that if, as the government is alleging here, the property transferred not to the person communicating the threat, but to a third party, then there is no obtaining unless the person communicating the threat receives some personal benefit. The court, I thought, was quite clear about that. I think that there is a factual distinction that may be a nuance, perhaps, that might be lost in the way this case comes up. And it is the notion that somehow these defendants directed or transferred property to particular individuals to supplant other particular individuals. No such fact exists. But now you're addressing another fact, which hasn't been dropped below, which is whether the transfer went to somebody else. That's the issue before us. Well, here's what I would suggest to you, Judge. At the very beginning, you suggested, your very first comment to Mr. Fromm was that the parties had carefully teed up this matter for you. This is not a party who teed up this matter for you. This is a party who resisted the government's position and still thinks that this appeal is groundless and thinks that what you're being asked for is an advisory opinion, which is inappropriate. Well, you moved to dismiss the pleading, right? You moved to dismiss the pleading, the indictment. We did. Basically, this is an unusual case. Yes. Okay. So, like any unusual case, there are many possible points of attack. Yes. None of which may have merit, many of which may have merit. Yes. Anyway, as it happens, the district court singled out one of those possible points of attack as the ground for dismissal. That's now been appealed. You seem to be suggesting we should canvass the whole array of possible points of attack and before reversing, if we were inclined to reverse, ensure ourselves that none of those possible points of attack have any merit, but we just can't operate that way as a court of appeal. So the more common approach is there's this issue, that was the issue the district court gave as the reason, so we're going to focus on that issue. And I guess I'm trying to find out, as to just that issue, whether a direct benefit is required to prove obtaining when there is a transfer to a third party. Do you have a reason to conclude the district court was right? Yes. Okay, great. What is it? May I continue? So I want to suggest to you that Green is another unusual case. It did not deal with obtaining. It could not, on the face of it, in the procedural posture it reached the court, deal with the facts of obtaining. It went on an arrest of judgment with the court having denied motions for acquittal following the presentation of the evidence. All that the Supreme Court could do under the then extant provisions of the Criminal Appeals Act was deal with the face of the indictment, and that's what the court said it did in the last sentence of its opinion. Scheidler tells us what its holding is in the first paragraph of the Chief Justice's opinion, and its holding relates to obtaining. The government would have you believe that Scheidler and then Sekar thereafter deal only with the issue of transferable property. I suggest to you that that misses the point of the petitioner's contentions that were before the court in Scheidler, which dealt with obtaining. And when the government quotes to you from Scheidler and characterizes what it is that the court held in Scheidler, it ignores the very basic fact that the next five paragraphs in the opinion all deal with what obtaining is, not property obtaining. With no reference to benefit. There is no reference to benefit in those things. So what the judge was dealing with here, those things are paragraphs, what the judge was dealing with here is a question of what obtaining means. And the only ground he gave for concluding it wasn't met, was because of the absence of a direct benefit. I get the point Judge Barron, and the reality is what Ms. Silva suggests, what the court did was articulated a series of examples as to what it is, how one could obtain property, one of which was this method, which would have required a personal benefit. And personal, again, is the word in the case law, it's the personal payoffs, is the phrase in Edmonds. Do I still have time? Is that my time? I'm afraid that you're up. I'll talk all day, Your Honor. Thank you. I think you have some more time, don't you? Your Honor, just to respond briefly to Judge Barron's question, as I understand from asking my sister counsel, you suggested that your question may be whether we had examples of wages and benefits cases. She's been speaking generally of intangible benefits cases. But assuming, Your Honor, includes those within the category of relevant cases, I would say vigil is a strong case from the Tenth Circuit. It's the one that's closest to this one. A person tried to return a political favor by forcing a contractor to hire the wife of a political supporter as a condition of getting a contract. Same benefit, same property. It was a post-Shidler case. The court held that that was an appropriate property. But vigil ends its analysis by saying there was a benefit. Well, it does. But it describes it, for one thing, as an intangible benefit. But it does not rely on it. And, again, I think it's important. Some of these we've acknowledged that in the ordinary case, a person will benefit. A person doesn't usually run the risk of Hobbs Act extortion for nothing. But there's been no requirement. In that case, also cites Green and its budget for the requirement that no benefit is required. In fact, this party did get something out of it, which was to replay a political supporter. That would be comparable to the benefit here. But, again, our point is it wasn't required, and it certainly wasn't the basis for the opinion. I would also say that this court's decision in Burho, although in the part that ultimately became dicta, is relevant. The district court upheld, this court upheld, with respect to Eddie Flaherty, that there had been a transfer of property by the corrupt union boss to that one person, or allegedly corrupt union boss, to that person, Eddie Flaherty, or from him to other people, and found that that was a valid transfer under Shidler, without suggesting that a personal benefit had been shown to him. It's very much on all fours with Green itself. But, again, those are two recent cases where wages and benefits was the issue that held that that was, you know, without requiring the showing of personal benefit, that was an appropriate transfer. And just one other point, if I may, and I realize I have only a couple of seconds. Can I say one more thing? All seconds, yes. Seven seconds. There was a mention of Wilkie v. Robbins, and I would encourage this court to just look at the case on pages 2607 of the case, because it actually addresses, says something about Green. Although it was cited by the district court, it supports the government's position, and it says in sum that it would be reasonable for the government to distinguish between, for Hobbs Act purposes, between cases in which a public actor acts on behalf of the public interest, or acts to benefit a private party. That would be a reasonable distinction. So in that case, it actually, and it's talking about Green's precisely. So in that case, it actually, again, I believe that goes more to wrongfulness. It's not necessarily the issue, but to the extent it's cited in favor of the opposing party here, I think it actually supports the government's position. Thank you, Your Honors, and we urge you to reverse and remand the case for trial. Thank you. William.